IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-02506-MSK-CBS

CRAIG MAGRAFF,

     Plaintiff,

v.

LOWES HIW, INC.,

     Defendant.

_____

## ORDER DENYING MOTION FOR RECONSIDERATION
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for

Reconsideration **(# 59)** of the Court's November 9, 2005 Order **(# 58)** denying the Plaintiff's

Motion for Extension of Time to File Notice of Appeal **(# 55)**, and the Defendant's response

**(#66)**.

     The factual recitation set out in the Court's November 9, 2005 Order is incorporated

herein by reference.  The Plaintiff moves for reconsideration of that Order, supplementing his

counsel's earlier submission with a clarification that although counsel had miscalculated the

deadline for filing the Notice of Appeal, counsel nevertheless intended to file the Notice one day

earlier than his defective calculation – and thus, on time – but was prevented from doing so by

illness.  Shortly after filing the instant Motion for Reconsideration, the Plaintiff filed a Notice of

Appeal **(# 60)** of the Court's November 9, 2005 Order.

The Defendant contends that the filing of this Notice of Appeal divests the Court of jurisdiction to consider the Motion for Reconsideration.  Although it is generally true that the filing of a Notice of Appeal terminates the District Court's jurisdiction over the issues subject to appeal, there is reason to believe that this rule is not applicable where the Notice of Appeal was preceded by a timely Motion for Reconsideration; in such circumstances, the District Court retains jurisdiction to reconsider the issue, and the appeal is held in abeyance pending such reconsideration.  *See U.S. v. Strahl*, 958 F.2d 980, 982 (10th Cir. 1992) ("because the motions for reconsideration tolled the time for filing the notice of appeal, those motions held the prematurely filed notice of appeal in abeyance").

Although the Plaintiff captioned his filing as a "Motion for Reconsideration," the federal rules recognize no such thing.  Rather, depending on whether it is filed within 10 days following the order to which it refers, such a request is either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), or a motion for relief from a judgment under Fed. R. Civ. P. 60(b). *Hatfield v. Board of County Commissioners for Converse County,* 52 F.3d 858, 861 (10th Cir. 1995); *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991).  The Plaintiff's motion, filed within 10 days of the Court's November 9, 2005 Order (as calculated by Fed. R. Civ. P. 6(a)), is treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir.1995).

Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000).  Such a motion is

appropriate where the Court has allegedly misapprehended the facts, a party's position, or the

controlling law. *Id.*; *Butler v. Boeing Co.*, 175 F.Supp.2d 1307, 1308-09 (D. Kan. 2001).  It is

not an appropriate vehicle, however, for a party to renew arguments that were or could have been

raised before the court.   *Id.*

The Plaintiff asserts that the Court misapprehended the facts and his counsel's position

regarding the reason for the untimely filing of the original Notice of Appeal.  In the Plaintiff's

original motion, he gave the following explanation:

> 3.  Plaintiff's lead counsel, Lee Judd, who is primarily responsible
> for this case filed Plaintiff's Notice of Appeal on October 20, 2005.
> In light of coming down with an illness and being out of the office,
> Mr. Judd had mistakenly read and/or thought that the Judgment
> was entered on September 20, 2005 instead of September 19, 2005,
> and therefore he filed Plaintiff's Notice of Appeal on October 20,
> 2005, after being sick, thinking that it had been timely filed.

*Docket* # 55 at ¶ 3.  This Court concluded that the situation described by the Plaintiff, although

resulting from an unfortunate and unintentional mistake, was not excusable as "excusable neglect"

nor was justified by "good cause".  The Court observed, in a footnote, that the Plaintiff's

counsel's illness on October 19, 2005 was "of no moment," because counsel both believed that

the Notice was due on October 20, 2005 and filed the notice in reliance upon this mistaken belief.

In the Motion for Reconsideration, the Plaintiff elaborates on his counsel's intentions.  He

explains that "irrespective of any docketing of the deadline to appeal and file the notice of appeal

prior to the deadline docketed in [his counsel's] calendar," due to press of other business he

intended to file the Notice one day "early," on October 19, 2005, but that this intention was

unfulfilled due to counsel's illness on October 19th.  *Docket* # 59 at ¶ 4 *Id.*  As a result, counsel

filed the notice on October 20, apparently believing it was timely, in accordance with his calendar.

The Court does not find that it misapprehended the Plaintiff's position in the earlier motion. The Motion for Reconsideration does not state what about the Court's previous assessment of his situation was in error.[1]  The original motion made no mention, implicitly or explicitly, of counsel's intention to file the Notice "early" on October 19, 2005.   The only explanation offered to excuse its late filing on October 20th was that counsel had "mistakenly read" the date of entry of the Judgment and miscalendared the date it was due.  As the Court explained in denying the original Motion for Extension, counsel's illness the day before he believed the Notice was due was of no consequence.  Counsel filed the Notice one day late not because he was ill, but rather because he mistakenly calculated its due date.

Even upon the new information submitted in support of the Motion for Reconsideration, the Court is compelled to reach the same conclusion.  Plaintiff's counsel states that he <u>intended</u> to file the Notice on October 19th the day before he thought it was due, but was prevented from doing so due to his illness that day.  Thus, he filed it on Oct. 20, still believing it to be timely.  The operative issue is not whether unexpected circumstances of illness prevented counsel from honoring his intended schedule, which would have serendipitously resulted in the Notice being timely filed notwithstanding counsel's calendaring error.  Indeed, the Court assumes that all attorneys would prefer to file pleadings early, rather than on the date they are due.  The fact that unexpected circumstances frequently frustrate these intentions is why the Court must examine not

---

[1] Plaintiff's discussion of several cases cited by the Court in its ruling are not proper grounds for reconsideration. The Plaintiff did not even cite, much less discuss, a single case in his original Motion for Extension.  A motion for reconsideration is not the proper means to address issues that could have been, but were not, raised in earlier briefing.

whether the attorney <u>intended</u> to take some act that would have resulted in a timely filing, but rather, examine the <u>actual</u> reason why the deadline was not met.

Here, that actual reason the Notice (or, alternatively, a prophylactic motion seeking more time) was not filed timely was counsel's error in calculating the due date.  Counsel allowed the illness of October 19th to pass, comforted in the knowledge that the Notice could be filed on October 20th.  This calendaring error has not been justified by the illness or any other excuse.  This situation is unlike circumstances where an attorney's illness directly caused the scheduling error, or prevented the filing of the document or a motion to extend in accordance with the attorney's recognition of the correct deadline.  In those circumstances, the illness can be said to actually cause (and perhaps excuse) the neglect.  However in this case, the Court remains convinced that counsel's illness is simply an coincidental, intervening event which neither constitutes "good cause" nor "excusable neglect" under Fed. R. App. P. 4(a)(5) for the untimely filing of the Notice of Appeal.

Accordingly, the Plaintiff's Motion for Reconsideration **( #59)** is **DENIED**.

Dated this 10th day of January, 2006.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

5